UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELISE ADAMS                              CIVIL ACTION

VERSUS                                   NO: 10-1080

ORLEANS PARISH RECOVERY                  SECTION: "A" (1)
SCHOOL DISTRICT, ET AL.

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 31)** filed by defendant, the State of Louisiana, through the Department of Education, through its unit the Recovery School District.[1]  Plaintiff Elise Adams opposes the motion.  The motion, set for hearing on July 6, 2011, is before the Court on the briefs without oral argument.  For the reasons that follow, the motion is GRANTED IN PART as to the federal claims and the case is REMANDED to state court for disposition of the state law claims.

## I.   BACKGROUND

Plaintiff Elise Adams filed this suit in state court against the Orleans Parish Recovery School District ("RSD") pursuant to 42 U.S.C. §§ 1981, 1983, and 1985 as well as various state laws.  Adams was employed by the Orleans Parish RSD until January 25,

---

[1] The actual defendant named in Plaintiff's Amended Complaint is the Louisiana Department of Education.  (Rec. Doc. 12).

1

2010, at which time she alleges that she was wrongfully terminated.[2]  (Amend Comp. ¶¶ XIII).  Adams' last position with RSD was as principal of the Booker T. Washington school during the 2009-2010 school year.  Adams was never awarded a contract with RSD to serve in that position.[3]  Adams complains that the RSD's failure to award her a contract constitutes a violation of her equal protection rights because all other RSD principals received contracts.  (Amend Comp. ¶ XVII).  Adams also complains that RSD terminated her without observing certain remedial steps required under state law, and that RSD's failure to abide by state law constitutes a violation of her federal due process rights.  (Amend Comp. ¶ XX).  Adams also asserts a claim under La. Civil Code article 2315, relying upon the same facts that she alleges in support of her federal claims.  (Amend Comp. ¶ XXV).

Defendant now moves for summary judgment on all claims. Defendant argues that Plaintiff fails to state a claim under 42 U.S.C. § 1983 because the RSD is an arm of the State of Louisiana, and as such it is not a "person" for purposes of § 1983.  Defendant argues that Plaintiff's claims under Civil Code

---

[2] The termination was effective February 5, 2010.  (Amend Comp. ¶ II).

[3] The allegations in the amended complaint suggest that Adams served as principal for about 4 months.  In November 2009, Adams had been sent to another school to shadow its principal and it appears that Adams was never permitted to return to Booker T. Washington.  (Amend Comp. ¶¶ IX, X).

article 2315 are barred by the Louisiana's workers' compensation scheme.

This matter is scheduled to be tried to a jury on November 7, 2011.

**II.   DISCUSSION**

Plaintiff's federal claims are brought under 42 U.S.C. §§ 1981, 1983, and 1985.  Plaintiff's claims under § 1981 are not separably cognizable from the claims under § 1983.  <u>Oden v. Oktibbeha County</u>, 246 F.3d 458, 462-63 (5th Cir. 2001).  The factual allegations do not even arguably support a claim under any aspect of § 1985.[4]  Therefore, the Court appropriately limits its analysis of the federal claims solely to § 1983.  <u>Oden</u>, 246 F.3d at 462 n.1; <u>Gates v. Spinks</u>, 771 F.2d 916, 917 n.1 (5th Cir. 1985).

Section 1983 provides a cause of action against "persons," who acting under color of state law, deprive another person of rights secured by federal law.  42 U.S.C.A. § 1983 (West 2003). The states and the arms of the state are not persons for purposes of § 1983.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 70-71 (1989).

The Louisiana Department of Education is the named defendant in this case.  This entity is part of the executive branch of the

---

[4] 42 U.S.C. § 1985 pertains to conspiracies to interfere with civil rights.

State and it is unarguably an arm of the state.  <u>See</u> La. Rev. Stat. § 4(14) (West Supp. 2011).  The Department of Education is not a person for purposes of § 1983 and therefore Plaintiff fails to state a claim for relief against this defendant under federal law.[5]

Plaintiff devotes a significant amount of her briefing to the issue of whether the RSD qualifies as an arm of the state under the Fifth Circuit's <u>Clark</u> factors,[6] emphasizing that the RSD's activities are funded locally.  This argument is misplaced, however, because RSD is not the defendant in the case, this notwithstanding that Defendant appeared as the State of Louisiana, through the Department of Education, through its unit the Recovery School District.  RSD is not the defendant because it lacks procedural capacity under state law to sue or be sued[7]

---

[5] As an aside the Court is also persuaded that Plaintiff fails to state a claim for relief for a due process violation. Plaintiff had no property right in her employment with Defendant. The only "rights" that Plaintiff can point to arise under state law.  Assuming that the "assistance program" delineated by state law rises to the level of a "right," the Court fails to understand how deprivation of a state right rises to the level of a federal due process violation.

Plaintiff's equal protection claim is likewise questionable.

[6] <u>Clark v. Tarrant County</u>, 798 F.2d 736 (5th Cir. 1986).

[7] The RSD's enabling legislation does not vest the entity with procedural capacity to sue and be sued.  <u>See</u> La. R.S. Stat. Ann. § 1990 (West Supp. 2011).  The Louisiana Fourth Circuit Court of Appeal addressed the issue of whether the RSD can be sued in its own name.  <u>Tankerson v. Vallas</u>, 34 So. 3d 355 (La. App. 4th Cir. 2010).  The court concluded that the RSD is not a

4

and it was for this very reason that Plaintiff amended her complaint to properly name the Department of Education as defendant.[8]  And the Department of Education is not subject to liability under § 1983.

The sole basis for subject matter jurisdiction, and the sole basis upon which the case was removed to federal court, was the federal claims that have now been dismissed in their entirety. The Court has the discretion to decline to exercise supplemental jurisdiction over the state law claims once all claims over which the Court had original jurisdiction have been dismissed.  28 U.S.C.A. 1367(c)(3).  The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial. Brookshire Bros. Holding, Inc. v. Dayco Prods, Inc., 554 F.3d 595, 602 (5th Cir. 2009) (citing Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999)).

The Court declines to exercise supplemental jurisdiction over the remaining state law claims.  The Court has not invested a significant amount of judicial resources in this litigation. The amended complaint against the Department of Education was

---

juridical person capable of being sued and that in any suit against the RSD the proper defendant is the Department of Education.  Id. at 356.

[8] The Louisiana Department of Education is a body corporate with the power to sue and be sued.  La. Rev. Stat. Ann. § 36:642(A) (West Supp. 2011).

filed a little over a year ago, (Rec. Doc. 12), but the challenge to the federal claims presented issues of law that could have been made immediately or at the very least much sooner.  Thus, the fact that the case has been pending in federal court for a year is not a particularly strong basis for this Court to maintain supplemental jurisdiction over the state law claims.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 31)** filed by defendant, the State of Louisiana, through the Department of Education, through its unit the Recovery School District is **GRANTED** and the federal claims are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that the remaining state law claims are **REMANDED** to the state court from which this case was removed pursuant to 28 U.S.C. § 1367(c)(3).

July 25, 2011

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

6